IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALMO INVESTMENTS LTD, et al., | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § Civil Action No. 3:22-CV-2371-M |
| | § |
| KAUFMAN COUNTY, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs Almo Investments, Ltd. and Mohammad Tatari ("Tatari") obtained from the state district court a temporary restraining order ("TRO") that by its terms expires today at 5:25 p.m. Plaintiffs seek an extension of the TRO until Judge Lynn can consider their motion for a preliminary injunction.[1] Defendants Kaufman County and Cecil Wayne McKenzie oppose an extension and move to dissolve the TRO. Because the court is permitting the TRO to expire today without an extension, it denies defendants' motion.

I

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.). "The same four-factor test for

---

[1] Judge Fitzwater is sitting for Judge Lynn for purposes of addressing the TRO. This case, however, remains assigned to Judge Lynn.

preliminary injunctions also has been extended to temporary restraining orders." *May v. Wells Fargo Home Mortg.*, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013) (Fitzwater, C.J.) (quoting *Asadoorian v. Travis*, 2011 WL 2224984, at *1 (D. Mass. June 7, 2011)). A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction. *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (quoting *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.)). Therefore, plaintiffs must establish four elements to obtain the requested TRO extension: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm if the TRO is not extended, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing parties, and (4) that the TRO will not disserve the public interest. *See, e.g., Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (addressing preliminary injunction standard) (citing *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F. Supp. 1349, 1353 (N.D. Tex. 1991) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir. 1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).

"The decision whether to grant a preliminary injunction is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Solutions, Inc. v. R2R & D, LLC,* 861 F.Supp.2d 792, 794 (N.D. Tex. 2012) (Fitzwater, C.J.) (citing *Miss. Power & Light Co. v. United Gas Pipe Line,* 760 F.2d 618, 621 (5th Cir. 1985)). "A preliminary injunction 'is an extraordinary and

drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Jones*, 122 F.Supp.2d at 718 (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light*, 760 F.2d at 621.

II

The court declines to extend the state-court TRO because it should not have been granted in the first place. The first requirement for obtaining a TRO (and, in turn, a TRO extension) is to demonstrate a substantial likelihood of success on the merits. Plaintiffs obtained a TRO preventing defendants from issuing citations, fines, or other actions that would impair the function of plaintiffs' business. Their lawsuit is based on three causes of action: that defendants have violated plaintiff Tatari's right to federal due process, have treated him in a biased, prejudicial, and arbitrary and capricious manner, and have discriminated against him based on his race, in violation of Title VI of the Civil Rights Act of 1964; that defendants have violated 42 U.S.C. § 1983;[2] and that defendants have violated Tatari's rights to substantive and procedural due process under the Fourteenth Amendment.

---

[2]This claim should probably be thought of as based on an alleged Fourteenth Amendment due process violation rather than a violation of § 1983 itself. "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates[,]" and an "underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir.1997) (internal quotation marks omitted) (quoting *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir.1989)). It is therefore incorrect to allege that § 1983 itself has been "violated."

But these claims were not supported by sufficient evidence to demonstrate a substantial likelihood of success on the merits. Consequently, the TRO should not have been issued, should not be extended, and should be permitted to expire today.

### III

Accordingly, the court declines to extend the state-court TRO, and the TRO will expire of its own terms at 5:25 p.m. today.[3]

**SO ORDERED**.

October 27, 2022.

```
                                    _____
                                    SIDNEY A. FITZWATER
                                    SENIOR JUDGE
```

---

[3]Plaintiffs may apply for a preliminary injunction, assuming they have grounds to do so.